IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA SADLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-370-WC |
| ) | |
| MICHAEL ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

The plaintiff applied for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. §§

---

[1] Under the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

405(g) and 1631(c)(3). Under 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (Docs. #6-7, filed September 15, 2006). Based on its review of the record and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

The plaintiff was forty-one years old at the time of the hearing before the ALJ and has

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

an eleventh grade education. The plaintiff's prior work experience includes work as a housekeeper. Following the administrative hearing, the ALJ concluded that the plaintiff had the "severe" impairments of arthritis, mild degenerative joint disease of the spine and right knee, moderate degenerative joint disease of the left knee, mild chronic obstructive pulmonary disease, tension headaches, obesity, a large lipoma on the right leg, mood disorder, and psychotic disorder. He nonetheless concluded that the plaintiff was not disabled because she retained the residual functional capacity to perform her past relevant work as a housekeeper, or in the alternative to work as a cafeteria attendant or fast food worker.

The plaintiff presents one issue for review: whether the ALJ improperly failed to consider the plaintiff's possible mental retardation.

## IV. DISCUSSION

The record contains a consultative psychological examination (Tr. 94-98, 174-78), in which the examining psychologist wrote that "[the plaintiff's] estimated level of intelligence appears to be in the mild range of mental retardation" (Tr. 20, 97). The same psychologist estimated that the plaintiff's ability to understand and carry out instructions was mildly impaired, or unimpaired if the instructions were simple (Tr. 20, 97, 100), and that her other work-related psychological impairments were "mild" (Tr. 20, 99-100). The ALJ gave substantial weight to the examiner's findings (Tr. 20) but discounted the estimate of mild

mental retardation as follows:

> As to the claimant's recent estimated intellectual functioning in the mild range of mental retardation, it is significant to note that she reported in her application that she has an eleventh grade education and she testified to an eleventh grade education. Importantly, no one has even noticed mild mental retardation before or even suggested that testing might be pertinent. It was not until she saw the clinical psychologist in April 2005 that she reported special education and having failed three grades. The diagnosis of mild mental retardation in [the psychologist's] report was apparently based on the claimant's self-report and observations as no IQ testing was performed. There is no serious (or non-serious) allegation here of any mental retardation.

(Tr. 21). The plaintiff argues that the ALJ erred in his finding and should have ordered IQ testing for evaluation under listing 12.05 of the *Listing of Impairments*.

The plaintiff suggests that the ALJ's comment about her "self-report" was misplaced because relying on self-reporting for mental retardation is facially illogical. However, the supplied context shows that the ALJ was referring to the plaintiff's self-report of her school performance. She told the psychologist that she repeated three grades in school, and left school in the seventh grade at the age of sixteen because she could not "read right" (Tr. 95). As the ALJ noted, this did not match the plaintiff's application information and hearing testimony that she completed the eleventh grade and took no special education courses (Tr. 58, 220).[4] The ALJ properly considered the plaintiff's inaccurate self-reporting in

---

[4] On appeal, the plaintiff submitted a school record showing that she completed the eleventh grade at age 18, earning a C in general math and D's in eight other academic courses (Tr. 182-83). This record does not show any special education courses, and in her application for benefits she claimed not to have taken them (Tr. 58). Indeed, in her application for benefits, the plaintiff claimed no mental impairments of any kind (Tr. 53).

5

determining that she did not suffer from severe or disabling mental retardation.[5]

The plaintiff's concern that she might meet the requirements of listing 12.05C of the *Listing of Impairments* is misplaced. The plaintiff's tenth grade standardized test scores show the plaintiff scoring in the 20-24 national percentile range in reading ability, and in higher ranges for spelling (32 percentile), language (35-65 percentile) and mathematics (26-46 percentile) (Tr. 183). These records do not raise the possibility that the plaintiff's overall intellectual functioning placed her in the lowest 2.5% of the population, as would be required for her IQ to be 70 or below, more than two standard deviations below average, and thus potentially entitled to benefits under listing 12.05 of the *Listing of Impairments*. *See* Kevin S. McGrew & Dawn P. Flanagan, *The Intelligence Test Desk Reference* 457 (Allyn & Bacon 1998). *See also Bell v. Barnhart*, 444 F. Supp. 2d 1195, 1201 (M.D. Ala. 2006), *citing Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983); *Miller v. Barnhart*, 182 Fed. Appx. 959, 960 (11th Cir. May 31, 2006); *Wright v. Barnhart*, 153 Fed. Appx. 678, 684 (11th Cir. Nov. 3, 2005) (if ALJ's misapplication of a regulation does not change the ultimate result, any error is harmless). The court further notes that the plaintiff's past relevant work as a housekeeper as described in the Department of Labor's *Dictionary of Occupational Titles* has

---

[5] Moreover, even though she was given this inaccurate information, the examining psychologist completed a Medical Source Opinion Form (Mental) in which she found the plaintiff's level of impairment to be "none" or "mild" in all categories (including use of judgment in work-related decisions, dealing with changes in the workplace, and maintaining concentration, persistence, or pace for periods of two hours) (Tr. 99-100). These findings support the ALJ's statement that there is no "serious" allegation of mental retardation in the record.

the lowest possible intellectual requirements (level 1 reasoning, level 1 mathematical, level 1 language) (Tr. 86), and that the alternative jobs the ALJ found the plaintiff could do likewise have low mental and educational requirements. *See Dictionary of Occupational Titles*, listings 311.472-010 (fast food worker) (level 2 reasoning, level 2 mathematical, level 2 language); 311.677-010 (cafeteria attendant) (level 2 reasoning, level 1 mathematical, level 1 language).  The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

The court has carefully and independently reviewed the record, and concludes that the decision of the Commissioner is due to be affirmed.  A separate order will issue.

Done this 26th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE